**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LACOLE HERRON, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-22-638-SLP |
| | ) |
| PROGRESSIVE CAR FINANCE, LLC; | ) |
| and TRANS UNION LLC | ) |
| Defendants. | ) |
| | ) |

**O R D E R**

Before the Court is Plaintiff's Motion to Compel Defendant Progressive Car Finance, LLC to Respond to Interrogatories and Requests for Production [Doc. No. 64]. Defendant Progressive Car Finance, LLC ("Progressive") has responded [Doc. No. 71], and Plaintiff did not file a reply. For the reasons that follow, Plaintiff's Motion is GRANTED.

## I.    Governing Standard

Civil litigants "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Relevance "'encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense." *United States ex rel. Shamesh v. CA, Inc.*, 314 F.R.D. 1, 8 (D.D.C. 2016) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). The burden to demonstrate relevance rests with the party seeking discovery. *Chrisman v. Bd. of Cty. Comm'rs of Okla. Cty.*, No. CIV-17-1309-D, 2020 WL 7033965, at *2 (W.D. Okla. Nov. 30, 2020).

The proportionality analysis considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  Information "need not be admissible in evidence to be discoverable."  *Id*.

## II.     Discussion

In her Motion, Plaintiff seeks to compel Progressive to identify and produce two categories of documents: (1) Progressive's "taxable net income" for the years 2020 to present, sought via Interrogatory No. 11 and Request for Production No. 11; and (2) "e-OSCAR" processing and training documents sought via Requests for Production 12-13.[1] The Court addresses each category in turn.

### A.  Progressive's Net Income

Plaintiff argues Progressive's "taxable net income" is relevant and discoverable because she asserts a claim for willful violation of the Fair Credit Reporting Act under 42 U.S.C. § 1681n, for which punitive damages are available.  Mot. [Doc. No. 64] at 4.  In its Response, Progressive concedes that financial information is relevant, but argues it has already produced a 2023 profit and loss statement, which it believes is sufficient to assess its financial condition for purposes of any potential punitive damages award.  Resp. [Doc.

---

[1] The parties agree "e-OSCAR" is an online system for "data furnishers" such as Progressive to exchange information with credit bureaus such as Defendant, Trans Union, LLC.  Mot. [Doc. No. 64] at 6; Resp. [Doc. No. 71] at 1.

No. 71] at 2-3.  Progressive further asserts discovery of its financial information is only appropriate after a dispositive ruling on the issue of punitive damages.  *Id.*

As a general matter, the Court "agrees with Plaintiff that a defendant generally may not wait until after a dispositive motion has been ruled on or until after a determination on actual damages is reached to produce information relevant to its financial condition." *Prescott v. Cracker Barrel Old Country Store, Inc.*, No. CIV-18-121-SLP, 2019 WL 11339790, at *3 (W.D. Okla. Feb. 5, 2019) (citing other recent cases).  The Court further finds analyzing of the merits of Plaintiff's punitive damages claim inappropriate at this stage, where no dispositive motions have been filed.  Finally, Progressive concedes documents pertaining to its financial condition are relevant, and it makes no argument regarding proportionality, undue burden, privilege, or other objection to discovery.  *See* Fed. R. Civ. P. 26(b).  Thus, the Court finds Progressive's arguments are without merit.[2]

For these reasons, Plaintiff's Motion to Compel is GRANTED as to Interrogatory No. 11 and Request for Production No. 11.  Progressive shall respond to Interrogatory No. 11 and produce documents responsive to Request for Production No. 11 within twenty-one (21) days from the date of this Order.  To the extent the documents are confidential, Progressive may produce them subject to the Protective Order [Doc. No. 37].

---

[2] As noted above, Progressive asserts it has produced its "year-to-date" profit and loss statement, which presumably refers to a 2023 statement.  Resp. [Doc. No. 71] at 2-3.  Even assuming the 2023 profit and loss statement is responsive, this would only partially respond to Plaintiff's request for information from 2020 to present, and Progressive does not articulate any objection to the requested timeframe or subject matter.  Indeed, Progressive's only stated objections to the request were relevance (which it now concedes in its Response), confidentiality (which can be addressed by producing the documents subject to the Protective Order), and a boilerplate overbreadth objection.  *See* [Doc. No. 64-2] at 2.

**B. e-OSCAR Documents**

Plaintiff next seeks an order compelling Defendant to produce certain "e-OSCAR" processing and training documents responsive to Requests for Production 12 and 13. Mot. [Doc. No. 64] at 6. Progressive does not dispute that it failed to respond in writing to these requests, nor has it made any attempt to do so after Plaintiff's Motion was filed. *See* Resp. [Doc. No. 71] at 2. Plaintiff maintains Progressive waived any objections by failing to respond to these requests, and Progressive does not address that argument in its Response. *Compare* Mot. [Doc. No. 64] at 6; *with* Resp. [Doc. No. 71] at 2.

As an initial matter, unlike Federal Rule of Civil Procedure 33(b)(4), Rule 34 does not contain a provision for waiver of objections in the event a party fails to timely respond. *See Logisys, Inc. v. Williams*, No. 20-CV-00559-GKF-SH, 2022 WL 3573209, at *2 (N.D. Okla. Aug. 19, 2022). However, some courts have applied a similar waiver rule to requests for production, *see id.*, and the Court finds waiver is appropriate here because Progressive has made no attempt to respond to the requests, even after the Motion to Compel was filed. Also, by failing to respond to Plaintiff's argument in its Response, Progressive further waived any ability to object to Plaintiff's requests. *Northcutt v. Fulton*, No. CIV-20-885-R, 2020 WL 7380967, at *2 (W.D. Okla. Dec. 15, 2020) ("Courts routinely deem an issue 'waived' when a party fails to respond to a movant's substantive argument.").

Even if considered, Progressive's argument in its Response is speculative and cites no legal authority or discovery objection beyond a cursory reference to undue burden. *See* Resp. [Doc. No. 71] at 1-2. Crucially, Progressive makes no effort to explain whether it has any responsive e-OSCAR documents in its own records concerning the processing of

4

Plaintiff's dispute.[3]  *See Daycab Co., Inc. v. Prairie Tech., LLC*, No. 3:20-CV-63-TRM-DCP, 2020 WL 12846847, at *3 (E.D. Tenn. Nov. 16, 2020) (recognizing a party responding to discovery has "a duty to search what records they do have access to, so as to determine whether responsive documents exist.").  It further appears Progressive has not confirmed with certainty whether any responsive training documents exist (either in the e-OSCAR system or otherwise), and it makes no objection to the burden of doing so.  *See* Resp. [Doc. No. 71] (first stating "it's a *virtual certainty* that [the training documents] no longer exist," but then stating "even assuming arguendo that [they do], there is *no reason to believe* copying or reproduction would be permitted by [their] owners." (emphases added)).[4]  Thus, Progressive's objections in its Response are without merit and reflect a wholly inadequate effort to respond to the discovery requests at issue.

For these reasons, Plaintiff's Motion to Compel is GRANTED as to Requests for Production 12 and 13.  Progressive shall, within twenty-one (21) days from the date of this Order, produce all documents in its possession, custody, or control which are responsive to Requests for Production 12 and 13, or serve supplemental responses explaining in detail why it is unable to do so.  To the extent any responsive documents are copyrighted,

---

[3] By contrast, Defendant Trans Union, LLC ("Trans Union") explained in its Response to a similar Motion to Compel that it was able to produce its own records related to Plaintiff's dispute received through the e-OSCAR system.  *See* Trans Union Resp. [Doc. No. 70] at 4.

[4] This is another crucial point of distinction between Trans Union and Progressive's Responses to Plaintiff's Motions to Compel.  Trans Union explained in detail (with a supporting declaration) which documents have been produced, which no longer exist, and which it contends are not in its possession, custody, or control.  Trans Union Resp. [Doc. No. 70] at 4-7.  Progressive merely speculates certain documents do not exist or that it would not be permitted to produce them.  The Court declines to assume the issues Trans Union presented exist with regard to the documents sought from Progressive.

Progressive may produce them subject to the Protective Order [Doc. No. 37]. Progressive is admonished that it must take its discovery obligations seriously, and any future failure to respond to discovery (particularly with no explanation why) could result in the imposition of sanctions.

## III.     Conclusion

For the reasons set forth above, Plaintiff's Motion to Compel [Doc. No. 64] is GRANTED.

IT IS SO ORDERED this 10th day of January, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE