IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

LACOLE HERRON,

          Plaintiff,

v.

PROGRESSIVE CAR FINANCE, LLC;
and TRANS UNION LLC

          Defendants.

)
)
)
)
)
)
)
)
)
)
)

Case No. CIV-22-638-SLP

# O R D E R

Before the Court is Plaintiff's Motion to Compel Defendant Trans Union LLC  to

Respond to Interrogatories and Requests for Production [Doc. No. 65].  Defendant Trans

Union LLC ("Trans Union") has responded [Doc. No. 70], and Plaintiff did not file a reply.

For the reasons that follow, Plaintiff's Motion is DENIED.

## I.    Governing Standard

Civil litigants "may obtain discovery regarding any nonprivileged matter that is

relevant to any party's claim or defense and proportional to the needs of the case[.]"  Fed.

R. Civ. P. 26(b)(1).  Relevance "'encompass[es] any matter that bears on, or that reasonably

could lead to other matter that could bear on' any party's claim or defense."  *United States*

*ex rel. Shamesh v. CA, Inc.*, 314 F.R.D. 1, 8 (D.D.C. 2016) (quoting *Oppenheimer Fund,*

*Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).  The burden to demonstrate relevance rests with

the party seeking discovery.  *Chrisman v. Bd. of Cty. Comm'rs of Okla. Cty.*, No. CIV-17-

1309-D, 2020 WL 7033965, at *2 (W.D. Okla. Nov. 30, 2020).

The proportionality analysis considers "the importance of the issues at stake in the

action, the amount in controversy, the parties' relative access to relevant information, the

parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  Information "need not be admissible in evidence to be discoverable." *Id*.

II.     **Discussion**

As an initial matter, although counsel for Plaintiff certifies the parties met and conferred in compliance with Federal Rule of Civil Procedure 37(a)(1) and LCvR37.1, it appears counsel filed the Motion without engaging in a reasonable attempt to narrow the scope of the discovery requests at issue.  For example, Plaintiff seeks production of Trans Union's Consumer Disputes Policy in her Motion, but counsel for Defendant represents (via sworn declaration) Defendant produced the Consumer Disputes Policy in July of 2023, and that counsel identified the responsive documents via email on November 6, 2023—more than two weeks prior to the Motion being filed.  *Compare* Mot. [Doc. No. 65] at 3-5; *with* Resp. [Doc. No. 70] at 3; [Doc. No. 70-5] at 2.  Plaintiff did not file a reply. Accordingly, the Court finds this issue was moot before Plaintiff's Motion was filed, and counsel either knew or should have known that was the case.[1]

The Court will proceed to consider the categories of documents at issue, but notes at the outset this is the second time Plaintiff filed a Motion to Compel in this case without

---

[1] Plaintiff's Motion evinces an overall lack of sufficient attention and preparation.  Plaintiff cites no legal relevant authority beyond her initial reference to Federal Rule of Civil Procedure 37, and the Motion contains incomplete and unintelligible sentences.  *See, e.g.*, Mot. [Doc. No. 65] at 7, 8. The Motion lists six categories of discovery requests at issue, but the "legal standard and analysis" consists of a generalized discussion of certain "e-OSCAR" documents which Plaintiff does not connect with the specific discovery requests she lists.  *See id.* at 5-10. Conclusory and undeveloped arguments like those presented in the Motion "place an undue burden" on the Court, and counsel is admonished to avoid the same in the future.  *See United States v. Hunt*, No. CR-19-073-R, 2020 WL 2167185, at *7 (W.D. Okla. May 5, 2020).

properly attempting to resolve the issues without Court intervention.  *See* Order [Doc. No. 52].

### A. Discovery Requests at Issue

As noted above, Plaintiff's Motion lists six categories of discovery requests at issue, the first set of which include requests for production and accompanying interrogatories. Mot [Doc. No. 65] at 3-5.  Plaintiff broadly argues for production of "e-OSCAR" processing and training documents,[2] but she generally fails to connect her argument to any of the specific requests she lists.  *See id.*  at 5-10.  Further, Plaintiff's Motion includes multiple pages discussing credit reporting terminology (i.e., "Metro 2 codes," "status information," and "historical information"), but the connection between those terms and the specific requests at issue is largely unclear.  *See id.*

It appears the discovery Plaintiff seeks from Trans Union can be divided into two categories: (1) documents which relate to Plaintiff's dispute with Defendant Progressive Car Finance, LLC ("Progressive") (i.e., Interrogatories 8, 9, and 12, and Requests for Production 8, 9, and 12); and (2) more generalized e-OSCAR documents which pertain to processing of consumer disputes such as training documents, definitions of certain terminology, and procedures for processing certain information (i.e., Requests for Production 14-16).  As to the first category, the parties appear to agree Trans Union has

---

[2] The parties agree "e-OSCAR" refers to a third-party online system through which consumer reporting agencies like Trans Union process disputes and exchange information with "data furnishers" such as Defendant Progressive Car Finance, LLC.  Mot. [Doc. No. 65] at 5; Resp. [Doc. No. 70] at 2.

identified and produced its own internal documents which are responsive to Interrogatories 8, 9, and 12 and Requests for Production 8, 9, and 12.[3]

The dispute regarding the second category of requests appears to center on the same issue as the remaining documents Plaintiff seeks in the first category: Trans Union asserts it does not have "possession, custody, or control" of any e-OSCAR documents beyond those it has already produced. *See* Resp. [Doc. No. 70] at 4-8. Specifically, Trans Union maintains the e-OSCAR documents Plaintiff seeks are retained and controlled by its owner, a third-party entity called "OLDE,"[4] and Trans Union does not provide data furnisher support or training separate from that which is available in the e-OSCAR system. *Id.* at 5. Although Trans Union has access to the e-OSCAR system for limited purposes, it asserts the e-OSCAR Terms of Use do not permit it to provide e-OSCAR information. *Id.* at 7. Trans Union also maintains some of the documents Plaintiff seeks are no longer retained in the e-OSCAR system. *Id.* at 4.

Federal Rule of Civil Procedure 34 requires a responding party "to produce . . . [documents and electronically stored information] in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). "Documents are deemed to be within the possession, custody or control [of a responding party] under Rule 34 if the party has actual

---

[3] Defendant represents it has produced all documents it retained which relate to Plaintiff's dispute with Progressive, and the only other potentially responsive documents are the e-OSCAR documents which are owned and retained by a third-party entity. Resp. [Doc. No. 70] at 4. Plaintiff did not file a reply, and she appears to only seek production of the e-OSCAR documents in her Motion (aside from the Consumer Disputes Policy discussed above). *See* Mot. [Doc. No. 65] at 3-4.

[4] OLDE is an acronym for Online Data Exchange, LLC, which Trans Union states (and Plaintiff does not dispute) is an entirely separate entity. Resp. [Doc. No. 70] at 2.

possession, custody or control or has the legal right to obtain the documents on demand."

*Kickapoo Tribe of Indians of Kickapoo Reservation in Kan. v. Nemaha Brown Watershed Joint Dist. No. 7*, 294 F.R.D. 610, 613 (D. Kan. 2013) (quotation marks and citation omitted).[5]  Importantly for purposes of the present dispute, the party seeking production of documents bears the burden of proving that the opposing party has "control" under Rule 34(a).  *See Pipeline Prods., Inc. v. Madison Cos., LLC*, No. 15-4890-KHV, 2019 WL 1940282, at *6 (D. Kan. May 1, 2019) (citations omitted); *Boyd v. Hi Country Chevrolet*, No. CIV 10-602 RB/KBM, 2012 WL 13081437, at *1 (D.N.M. Feb. 28, 2012).

Trans Union's Response thoroughly explains that some of the e-OSCAR documents no longer exist, and the rest belong to OLDE and are not in Trans Union's possession, custody, or control.  Resp. [Doc. No. 70] at 4-7.  Plaintiff does not contest any of Trans Union's arguments (or make any argument whatsoever regarding Trans Union's control of e-OSCAR documents), and therefore has failed to meet her burden.  *See Barron v. Nat'l Health Ins. Co.*, No. CIV-19-591-SLP, 2020 WL 9600579, at *1-2 (W.D. Okla. May 14, 2020) (denying a motion to compel "[b]ecause the Court finds that Plaintiff has not met her burden regarding whether the requested information and documents are within

---

[5] Similarly, a party is to answer an interrogatory with the information "available" to it—a standard that is the same as that provided in Rule 34(a)(1), at least as relevant to the instant dispute.  *See XTO Energy, Inc. v. ATD, LLC*, No. CIV 14-1021 JB/SCY, 2016 WL 1730171, at *22 (D.N.M. Apr. 1, 2016); *see Echon v. Sackett*, No. 14-cv-3420-PAB-NYW, 2016 WL 943485, at *3 (D. Colo. Jan. 27, 2016) (indicating that a party must answer an interrogatory "with information that is within [its] possession, custody and control, based on a reasonable inquiry").  Thus, the same considerations apply to Interrogatories 8, 9, and 12 in this case.

Defendant's possession, custody, or control.").[6]  For these reasons, Plaintiff's Motion to Compel is DENIED.

### B.  Attorney's Fees

Trans Union's Response generically requests "that the Court award its attorneys' fees pursuant to Rule 37[.]"  Resp. [Doc. No. 70] at 11.  Under Rule 37(a)(5)(B), if a motion to compel is denied, the Court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees" unless "the motion was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(B).[7]

As noted above, Plaintiff's argument regarding production of Trans Union's Consumer Disputes Policy was moot at the time her Motion was filed.  However, most of the Motion pertains to the e-OSCAR documents discussed above, and it appears from the record that Trans Union did not raise the issue regarding possession, custody, or control

---

[6] It also appears Plaintiff has made no effort to seek the e-OSCAR documents from OLDE via subpoena under Fed. R. Civ. P. 45.  Although Plaintiff was not necessarily required to serve a subpoena prior to her Motion, the Court notes Rule 45 provides an alternative means to seek the e-OSCAR documents.

[7] Rule 37's "opportunity to be heard" requirement is satisfied by written submissions and does not require a hearing.  *See* Fed. R. Civ. P. 37 advisory committee's note to 1993 amendment (explaining the "opportunity to be heard" language was added to clarify "the court can consider such questions on written submissions as well as on oral hearings."); *see also New Mexico Oncology & Hematology Consultants, Ltd. v. Presbyterian Healthcare Servs.*, No. 12-CV-526 MV/GBW, 2017 WL 4271330, at *2 n.1 (D.N.M. Sept. 25, 2017).

until it filed its Response.[8]  Accordingly, although Plaintiff did not meet her burden to establish possession, custody, or control, the Court finds an award of attorney fees would be unjust where that issue was not raised until after her Motion was filed.  For that reason, Trans Union's request for attorney's fees is DENIED.

Counsel for Plaintiff is admonished, however, that they have now filed two Motions to Compel without engaging in a reasonable effort to resolve the issues, and at least one of the issues raised appears to have been meritless.  Presentation of similarly meritless discovery issues in the future (even if only part of a motion) could result in the imposition of sanctions.

Additionally, as noted above, it appears Trans Union did not disclose the issue of control when the parties met and conferred.  To the extent that was the case, counsel for Trans Union was either inadequately prepared to meet and confer or did not participate in good faith.  Discovery motions should be a last resort, when there is truly a conflict which cannot reasonably be resolved, and there is no reason to believe that was the case here.  The parties are strongly advised to be reasonable and cooperative for the remainder of this litigation.

III.   **Conclusion**

For the reasons set forth above, Plaintiff's Motion to Compel [Doc. No. 65] is DENIED.

---

[8] Trans Union's supplemental discovery responses did not object (or otherwise mention any issue) regarding possession, custody, or control, *see* [Doc. No. 70-12] at 2-4, and nothing in the record shows this was raised when the parties met and conferred.

IT IS SO ORDERED this 10th day of January, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE